UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARRINGTON WILSON,

    Plaintiff,

v.                                                    Case No. 3:26cv1653-MW-HTC

HENDERSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Barrington Wilson, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint alleging that on January 5, 2022, the Defendants violated his Eighth Amendment rights during two use of force incidents. Doc. 1. However, Wilson's claims are barred by the four-year statute of limitations. Thus, this case should be DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## I.  Background

Wilson sues seven (7) Santa Rosa Correctional Institution employees: (1) Lieutenant M. Lowe; (2) Sergeant Nicholas; (3) Officer Henderson; (4) Officer R. Goss; (5) Officer K. Young; (6) Officer G. Johnson; and (7) Officer Jane Doe. His complaint contains the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

On January 5, 2022, Officer Henderson led an extraction team to Wilson's cell "for no reason." The team consisted of Lieutenant Lowe, Sergeant Nicholas, Officer Goss, Officer Young, and Officer Johnson; Officer Jane Doe was also present and operated a handheld camera. Henderson falsely told Lowe that Wilson refused to comply with an order to run his fingers through his hair. Lowe ordered the cell extraction team to enter Wilson's cell. After the team handcuffed and shackled Wilson, they punched and kicked him, and slammed his face into the floor, even though he never put up any resistance.

Eventually, Wilson was taken to the infirmary and placed in a self-harm observation status ("SHOS") cell. However, Young, Goss, Nicholas, and Henderson entered the SHOS cell and began punching and kicking Wilson again. After the assault ended, Wilson was taken to see a physician; x-rays and photos were taken of Wilson's face, and he was transported to a hospital, where a CT scan showed his ribs were broken. His face and head remained bruised and swollen for about 14 days.

Based on the foregoing, Wilson alleges the Defendants violated the Eighth Amendment either by using excessive force or failing to intervene to stop the excessive force. As relief, he seeks damages and declaratory relief.

## II.    Legal Standard

Because Wilson is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion

thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  A dismissal on statute-of-limitations grounds is proper when it is apparent from the face of the complaint that the claim is time-barred.  *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024).

### III.    Wilson's claims are barred by the four-year statute of limitations.

In Florida, claims brought under § 1983 are subject to a four-year statute of limitations.  *See Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) ("[T]he four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida.").  The statute of limitations on a § 1983 claim begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).

Here, Wilson's excessive force and failure to intervene claims are based on events that occurred on January 5, 2022.  A reasonable person would have known their rights were violated on that date, so the statute of limitations began running

immediately.[1]  *See Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (finding excessive force and failure to intervene claims accrued when plaintiff "allegedly was beaten at the holding facility" because he "knew the facts underlying these claims then").  However, Wilson did not file his complaint until March 2, 2026, the date he handed it over to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (under the prison mailbox rule, a document submitted by a *pro se* prisoner is deemed filed on the date it is delivered to prison officials for mailing).  Because Wilson filed this action more than four years after his claims accrued, the claims are untimely and subject to dismissal.  *See Baker*, 391 F. App'x at 821 (finding district court correctly concluded excessive force and failure to intervene claims were barred by the statute of limitations when plaintiff filed his § 1983 action more than four years after the alleged beating).

---

[1] Even assuming Wilson did not know the names of the Defendants at the time of the alleged misconduct, that would not impact the accrual date for his claims.  *See Nicholson v. Nathan Smoots, S.A.*, 2023 WL 2401329, at *4 (11th Cir. 2023) (concluding claims accrued on March 17, 2015, because: (1) plaintiff "was aware that the deputy detained him and that FBI agents seized a saliva sample from him" on that date; (2) "[h]e could have filed an action then, because that is when he knew he had suffered an injury and knew who inflicted that injury"; and (3) "[t]hat [plaintiff] did not know the names of all the officers involved does not mean he could not have filed his suit, as evidenced by his filing the initial complaint without knowing two of the defendants' names"); *see also Merritt v. Collinsworth*, 2023 WL 2541137, at *4 (N.D. Fla. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2539020 (N.D. Fla. Mar. 16, 2023) ("[E]ven without knowing Defendants' names, Merritt could have filed this action *timely* against 'Unknown Transport Officer #1' and 'Unknown Transport Officer #2,' and later sought discovery to learn Defendants' proper names.").

## IV.    Conclusion

It is apparent from the face of Wilson's complaint that his Eighth Amendment claims are barred by the statute of limitations.  And because Wilson's claims are time-barred, he could not amend the complaint to state a viable claim.  Thus, giving him an opportunity to amend would be futile, and this case should be dismissed with prejudice.  *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) due to Wilson's failure to state a claim on which relief may be granted.

2.    That the clerk close the file.

At Pensacola, Florida, this 10th day of March, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:26cv1653-MW-HTC